UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

| | | |
|---|---|---|
| RASHID STIRLING, | : | |
| | : | |
| Plaintiff, | : | 18-Civ.-11699 |
| | : | |
| -against- | : | **COMPLAINT** |
| | : | |
| PICTURE CARS EAST, INC., | : | PLAINTIFF DEMANDS A |
| | : | TRIAL BY JURY |
| Defendant. | : | |

----------------------------------------------------------------x

Plaintiff, Rashid Stirling, by and through his undersigned attorney, alleges for his Complaint as follows:

## **PARTIES**

1. Mr. Rashid Stirling ("**Plaintiff**" or "**Mr. Stirling**") is a natural person residing in New York.

2. Upon information and belief, Picture Cars East, Inc. ("**Defendant**" or "**Picture Cars**"), is a domestic corporation, with a physical and operating office at 72 Huntington Street, Brooklyn, NY 11231.

3. Upon information and belief, Picture Cars employs more than fifteen (15) full-time employees, and was, and is, regularly doing business in all five boroughs of New York, New York.

4. Upon information and belief, Picture cars engages in interstate commerce as "Picturecars East Inc. is the largest east coast suppliers of picture vehicles to the motion film industry,"[1] and has revenue in excess of $500,000.00 annually.

---

[1] Defendant's website: <https://www.pixxcars.com/about-us/> (last accessed Dec. 13, 2018).

## JURISDICTION AND VENUE

5. Jurisdiction is founded upon 28 U.S.C. § 1331 and principles of supplemental jurisdiction under 28 U.S.C. §1367.

6. Plaintiff did *not* file with the New York State Division or City Commission, and accordingly jurisdiction for NYCHRL claims rests with this Court pursuant to the New York City Admin. Code §8-502(a).

7. Within ten (10) days of commencing this lawsuit, Plaintiff shall serve true and correct copies of this Complaint upon designated representatives for the New York City Commission on Human Rights and Corporation Counsel pursuant to New York City Admin. Code §8-502(c).

8. Plaintiff shall forthwith serve a true and correct copy of this Complaint to the Attorney General of New York pursuant to NYLL § 215(2)(b).

9. The New York City Human Rights Law (NYCHRL) claims herein were filed within three (3) years of the alleged unlawful discriminatory practice(s) and/or harassment.

10. Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(1) because the Defendant resides in the Southern District of New York because it is subject to the Court's personal jurisdiction because of its substantial contacts and business dealings in and throughout Manhattan and the Bronx.

11. Pursuant to S.D.N.Y. Local Rule 18(a), a Manhattan designation is appropriate.

12. Plaintiff, *respectfully*, demands a trial by jury.

## STATEMENT OF FACTS COMMON TO ALL CLAIMS

13. Mr. Stirling was employed by Picture Cars until his wrongful termination on or around May 24, 2017.

14. During Mr. Stirling's employment with Picture Cars, he served as a driver who transported vehicles to-and-from the garage and various filming locations throughout New York and New Jersey.

15. Mr. Stirling is an African-American ("**African-American**") and belongs to the protected class of race.

16. Mr. Stirling is an employee who engaged in New York City Human Rights Law statutorily defined 'protected activity' and belongs to the protected class of employees who advocate for NYCHRL rights.

17. Mr. Stirling is an employee who engaged in NYLL statutorily defined 'protected activity' and belongs to the protected class of employees who advocate for NYLL rights.

18. At all pertinent times Mr. Stirling was fit, qualified, and eager to hold a position at Picture Cars, and he performed his duties in a professional and competent manner.

19. Upon information and belief, at all pertinent times, Defendant acted or failed to act by and through its duly authorized agents, servants, representatives, partners, manager, supervisors and employees, who conducted themselves within the scope and course of their employment, with intentional malice and/or with reckless disregard to Mr. Stirling's federal and New York City statutory rights.

### The Protected Activity

20. In or around April 2017, Stirling reported perceived harassment/discrimination because of his race to Supervisor Loreen (last name unknown).

21. In or around April 2017, Stirling reported perceived harassment/discrimination because of his race to co-worker Teresa (last name unknown).

3

22. Upon information and belief, co-worker Teresa transmitted Stirling's complaint to management that same day.

23. In or around early May 2017, after continued perceived harassment/discrimination because of his race, Stirling escalated his complaints by reporting the situation to Human Resources Representative Lisa (last name unknown).

24. In or around early May 2017, Stirling engaged in protected activity when he complained that he should receive weekly pay instead of pay every two weeks to Manager Robert (last name unknown) and Supervisor Loreen (last name unknown). When complaining, Stirling also showed Robert an online citation to the law that mandates weekly pay for certain laborers in New York.

25. Picture Cars failed to make any investigation whatsoever into Stirling's race and labor complaints.

26. Since internal complaints to management, supervisors and coworkers were being ignored, on or around May 17, 2017, Stirling contacted the EEOC to fill-out an EEOC in-take survey/questionnaire to complain of the perceived harassment/discrimination because of his race.

27. On or around May 22, 2018, Stirling and H.R. Representative Lisa (last name unknown) had an in-person meeting at Picture Cars' offices. During this meeting Stirling again engaged in verbal protected activity by complaining of perceived harassment/discrimination because of race and Stirling engaged in labor law statutorily protected activity by complaining that he was not being paid properly.

28. During this meeting, Stirling also informed H.R. Representative Lisa that he had *already* contacted the EEOC regarding the in-take survey/questionnaire because of the perceived race harassment/discrimination.

### *The Threat and Ultimatum*

29. During the meeting, H.R. Representative Lisa (last name unknown) told Stirling complaining to the EEOC would get him "nowhere" and H.R. Representative Lisa instructed Stirling to withdraw the EEOC Charge and to "mediate" internally with Picture Cars.

30. Stirling said he would mediate internally with Picture Cars, but Stirling did not want to agree to stop contact with the EEOC and Stirling informed Lisa of his intention to contact his lawyer about the situation.

31. HR Representative Lisa said, in substantial form: "I can't tell you what to do, but if you do [contact your lawyer and continue with the EEOC Charge], then whatever happens, happens."

### *The Termination*

32. On or around May 24, 2017—two days later—Picture Cars terminated Stirling.

### *A Punitive Damages Jury Instruction is Appropriate*

33. Punitive damages are appropriate, not because of the severity of what Mr. Stirilng suffered, but because of the contumacious disregard with which Picture Cars acted in the face of Mr. Stirling's indisputable verbal and written protected activity opposing perceived race discrimination and labor law violations.

34. More specifically, HR Representative Lisa utterly disregarded Mr. Stirling's verbal complaints of perceived race discrimination by, *inter alia*, failing to initiate or trigger any

investigation into his complaints, and instead instructing Stirling to stop his interaction with the EEOC or "whatever happens, happens."

### FIRST CLAIM
(Race/Color Status-Based Discrimination Arising Under
the New York City Human Rights Law)

35. Plaintiff incorporates by reference the preceding paragraphs as if fully stated herein.

36. New York City Human Rights Law, N.Y. City Admin. Code § 8-101, *et seq*., prohibits disparate treatment because of an employee's status in a protected class.

37. Mr. Stirling is a "person" under §8-102(1) of the New York City Human Rights Law.

38. Picture Cars is an "employer" for purposes of the New York City Human Rights Law under New York City Administrative Code § 8-102(5).

39. Defendant's discriminatory and disparate treatment of Plaintiff, constituting or in addition creating a hostile work environment, because of his race/color as an African-American/black was in violation of, *inter alia*, NYCHRL.

40. The disparate application, vis-à-vis protected classes, of an otherwise facially neutral company policy can constitute discrimination under NYCHRL.

41. Defendant's actions were done intentionally or with reckless indifference to Plaintiff's statutorily protected New York City rights. Specifically, Picture Cars discriminated and retaliated against Mr. Stirling when the company, *inter alia*, failed to investigate his complaint of perceived race discrimination, instructed Stirling to stop communication with the EEOC or "whatever happens, happens," and terminated Stirling two days after interposing the "whatever happens, happens" threat.

42. Picture Cars retaliated against Mr. Stirling, which is the worst form of discrimination, for having engaged in protected activity by, *inter alia*, terminating his employment in violation of NYCHRL.

43. Upon information and belief, Defendant's actions were done intentionally or with reckless indifference to Plaintiff's statutorily protected NYCHRL rights.

44. As a direct and proximate result of intentional and/or reckless Defendant's actions, Plaintiff was terminated or otherwise not allowed to work, and suffered lost wages and benefits, as well as humiliation, inconvenience, mental distress, and embarrassment, and the incursion of attorneys' fees.

**SECOND CLAIM**
(Protected Activity Retaliation Arising Under
the New York City Human Rights Law)

45. All preceding paragraphs are incorporated by reference as if fully stated herein.

46. New York City Human Rights Law, N.Y. City Admin. Code § 8-101, *et seq*., prohibits retaliation because of an employee's protected activity.

47. Mr. Stirling is a "person" under §8-102(1) of the New York City Human Rights Law.

48. Picture Cars is an "employer" for purposes of the New York City Human Rights Law under New York City Administrative Code § 8-102(5).

49. Mr. Stirling opposed Picture Cars' unlawful, discriminatory employment practices and engaged in protected activity under the New York City Human Rights law.

50. Defendant's retaliatory treatment of Plaintiff because of his protected activity as an employee advancing his NYCHRL rights was in violation of, *inter alia*, New York City Human Rights Law, § 8-107.

51. Upon information and belief, Picture Cars' actions were done intentionally or with reckless indifference to Plaintiff's statutorily protected New York City rights, entitling him to punitive damages under the New York City Human Rights Law.

52. As a direct and proximate result of intentional and/or reckless Defendant's actions, Plaintiff was terminated or otherwise not allowed to work, and suffered lost wages and benefits, as well as humiliation, inconvenience, mental distress, and embarrassment, and the incursion of attorneys' fees.

### THIRD CLAIM
(42 U.S.C. §1983 Status-Based Discrimination)

53. All preceding paragraphs are incorporated by reference as if fully stated herein.

54. This claim is premised upon 42 U.S.C. § 1983 ("**Section 1981**") and Mr. Stirling's status as an African-American/black.

55. Section 1981 has no statutory damage caps.

### FOURTH CLAIM
(42 U.S.C. § 1983 Retaliation)

56. All preceding paragraphs are incorporated by reference as if fully stated herein.

57. This claim is premised upon 42 U.S.C. § 1983 and Mr. Stirling's protected activities in opposing perceived race discrimination.

58. Section 1981 has no statutory damage caps.

### FIFTH CLAIM
(New York Labor Law § 215 – Retaliation)

59. All preceding paragraphs are incorporated by reference as if fully stated herein.

60. This claim is premised upon New York Labor Law § 190 *et seq.*, and specifically NYLL section 215, which prohibits retaliation against an employee who engages in protected activity.

8

61. The New York Labor Law § 191(1)(a)(i) requires an employer to pay a "manual worker"— such as Stirling—weekly.

**WHEREFORE**, Mr. Stirling *respectfully* demands judgment against Picture Cars East, Inc., as follows:

**A.** On his First Claim, back pay and front pay in amounts as yet undetermined, compensatory damages and punitive damages to the maximum extent permissible by law, attorneys' fees, interest, and costs;

**B.** On his Second Claim, back pay and front pay in amounts as yet undetermined, compensatory damages and punitive damages to the maximum extent permissible by law, attorneys' fees, interest, and costs;

**C.** On his Third Claim, back pay and front pay in amounts as yet undetermined, compensatory damages and punitive damages to the maximum extent permissible by law, attorneys' fees, interest, and costs;

**D.** On his Fourth Claim, back pay and front pay in amounts as yet undetermined, compensatory damages and punitive damages to the maximum extent permissible by law, attorneys' fees, interest, and costs;

**E.** On his Fifth Claim, back pay and liquidated damages as yet undetermined, compensatory damages and punitive damages to the extent permissible by law, reinstatement or front pay, attorneys' fees, interests, and costs; and,

**F.** Such other and further relief as the Court deems just and proper under the circumstances.

JURY TRIAL DEMANDED
ATTORNEY'S LIEN CLAIMED

**Dated: New York, New York**
     **December 14, 2018**

                                 **Respectfully submitted,**

By:  /s/ Jeffrey D. Jones
Jeffrey D. Jones, NY #4843363
**THE JONES LAW FIRM**
523 East Pine Place
Tulsa, OK 74106-4301
Phone: (574) 876-4715

JJ@JeffreyJonesLawFirm.com

*Attorney for Plaintiff*
*Rashid Stirling*

10